IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN L. BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0543-N |
| | § | |
| ROMULO ARMENDARIZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Brian K. Brown, a federal prisoner, against Romulo Armendariz, an employee of the U.S. Bureau of Prisons ("BOP").[1] On March 19, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual and legal basis of this suit. Plaintiff answered the interrogatories on April 23, 2007. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] Although plaintiff's complaint names the "Federal Bureau of Prisons" as an additional defendant, his interrogatory answers make clear that Armendariz is the sole defendant. (*See* Interrog. #5).

II.

In late 2003, plaintiff was seriously injured in an attack by other inmates while incarcerated at a federal prison in Leavenworth, Kansas.[2] Unable to identify the assailants, BOP officials transferred plaintiff to another prison for his own safety. After several interim placements, plaintiff was transferred to USP Pollock, Louisiana on or about June 8, 2006. Plaintiff alleges that Armendariz, the BOP employee responsible for this placement, knew that other inmates from Leavenworth who had threatened to harm plaintiff also were housed at the Pollock facility. After spending less than three months at Pollock without incident, plaintiff was transferred to USP Beaumont, Texas and then to USP Coleman, Florida, where he remains today. By this suit, plaintiff seeks $35,000 in damages against Armendariz and an injunction separating him from all USP Leavenworth prisoners.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

---

[2] That assault is the subject of another civil rights action brought by plaintiff in Colorado federal court. *Brown v. Nalley*, No. 1-06-CV-00047.

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Assuming that plaintiff has sufficiently alleged a deliberate indifference claim against Armendariz,[3] his claim still fails as a matter of law. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). Here, plaintiff admits that he was not assaulted and suffered no physical injury while incarcerated at USP Pollock (*See* Interrog. # 2, 3). Consequently, plaintiff cannot bring a civil action for money damages against Armendariz.

C.

Nor is plaintiff entitled to an injunction separating him from "all USP Leavenworth Prisoners, USP Pollock, all relevant Gangs, Current, Former, Retired." (Plf. Compl. Mem. Br. at 16, ¶ VI). Even if plaintiff could prevail on his deliberate indifference claim, the only injunctive relief to which

---

[3] In an unsworn declaration attached as an exhibit to plaintiff's complaint, Armendariz states that "[a]t the time that USP Pollock, Louisiana was designated as inmate Brown's transfer location, no inmate from whom he is required to be separated was identified as being located at USP Pollock." (Plf. Compl., Attch. D at 3, ¶ 8). This evidence would make it difficult for plaintiff to establish that Armendariz was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

he would be entitled is a transfer to another prison. However, plaintiff is no longer incarcerated at USP Pollock. This moots his claim for injunctive relief. *See Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991) (transfer or release from confinement renders claim for injunctive relief moot); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (same).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE