IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN L. BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0543-N |
| | § | |
| ROMULO ARMENDARIZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brian L. Brown, a federal prisoner, has filed a pleading entitled "Motion for Alternative Appeal Payment." Although this pleading is less than a model of clarity, it appears that plaintiff wants to pay the appellate filing fee in installments by authorizing prison officials to make monthly deductions from his inmate trust fund account, instead of paying the full filing fee when due.

The federal statute governing filing procedures and fees for prisoners seeking leave to proceed *in forma pauperis* on appeal provides that "the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915(b)(1). This fee is assessed at the time of filing regardless of the outcome of the appeal. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997). If the district court allows the prisoner to proceed *in forma pauperis* on appeal, the prisoner pays an initial partial filing fee and makes periodic monthly payments based on the amount of money in his inmate trust fund account. *See* 28 U.S.C. § 1915(b)(1) & (2).[1] However, "[a] prisoner

---

[1] Section 1915(b) provides, in pertinent part:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

litigant who has been denied IFP status for appeal, or whose appeal has been certified as taken in bad faith, must pay the full filing fee and other costs when due, without the benefit of the accommodating assessment procedures found in section 1915(b)." *Baugh v. Taylor*, 117 F.3d 197, 200 (5th Cir. 1997).

Here, plaintiff has been denied *in forma pauperis* status on appeal because the district court certified that his appeal is not taken in good faith. *See* Order, 11/2/07. In light of that determination, plaintiff either must pay the full appellate filing fee and any relevant costs when due, or contest the certification decision by filing a motion for leave to proceed *in forma pauperis* with the court of appeals. Payment of the appellate filing fee in installments is not an option.[2]

## RECOMMENDATION

For these reasons, Plaintiff's Motion for Alternative Appeal Payment should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1) & (2).

[2] Neither of the cases cited by plaintiff in his motion alter this conclusion. In *Rivera v. Allin*, 144 F.3d 719 (11th Cir.), *cert. denied*, 119 S.Ct. 27 (1998), the prisoner was barred from proceeding *in forma pauperis* on appeal under the "three strikes" provision of the PLRA. That provision is not implicated here. In *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), *cert. denied*, 118 S.Ct. 707 (1998), the appellate court reaffirmed that a prisoner cannot proceed *in forma pauperis* on appeal when a district court certifies that the appeal is not taken in good faith. As the court noted, "a plaintiff who has lost the right to proceed *in forma pauperis* also has lost the right to defer payment under § 1915(b)." *Newlin*, 123 F.3d at 436.

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE